UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BROWN,

    Petitioner,

v.

ERIC ARNOLD, Warden,

    Respondent.

No. 2:14-cv-2922 MCE AC

FINDINGS AND RECOMMENDATIONS

Petitioner is a California state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By operation of the "prison mailbox rule," the petition was filed on December 3, 2014.[1] See ECF No. 1 at 12 (proof of service). Respondent has answered (ECF No. 14), and petitioner submitted a reply (ECF No. 15). For the reasons set forth below, the undersigned recommends that the petition be denied.

I.     BACKGROUND

On April 25, 2001, petitioner pled guilty to four counts of murder. The charges arose from the stabbing deaths of petitioner's father, grandmother, girlfriend, and his girlfriend's three

---

[1] Pursuant to the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1059 n. 1 (C.D. Cal. 2001) (delivery for purposes of constructive filing under the prison mailbox rule is presumed to be on the date of signing of the petition, absent evidence to the contrary).

1

1 | year old son.² Judgment of conviction was entered on July 16, 2001, and petitioner was
sentenced to four concurrent terms of life imprisonment without parole.

Petitioner did not appeal.

On June 22, 2014, petitioner filed a Petition for Writ of Error in the California Court of Appeal, contending that the Board of Parole Hearings (BPH) and California Department of Corrections and Rehabilitation (CDCR) were "misapplying" his sentence. The petition was denied without comment on July 3, 2014. ECF No. 14 at 38.

On August 8, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, presenting the same claim. The petition was denied without comment or citation on October 15, 2014. ECF No. 14 at 49.

## II. PETITIONER'S ALLEGATIONS

The instant petition contains a single claim. Petitioner contends that he is wrongly being denied the chance for parole, and that his rights have been violated by respondent's failure to set release dates. In support of this claim, the petition alleges in full as follows:

> Petitioner [has] been sentenced to a term applied under I.S.L. yet Petitioner's sentence is governed by the new provisions of the D.S.L. Adopted in 1977. The I.S.L. is still being applied illegally due to the Standard being repealed. However, the circumstances of my sentence places me in the same situation of being governed by two different sentencing standards, i.e., "I.S.L." and "D.S.L." Which this court "Supreme Court" states can't be done without establishing release dates up under Both Standards. The allowance of the use of a[] Repealed Standard is an Unlawful Application to a sentence that should be determined. The Uniform Sentencing Act (1977), Chatman served 16 yrs. and was released. I have 14 yrs. and still in custody, and still have not been given a date.

ECF No. 1 at 6.

Although petitioner's legal theory is somewhat unclear, he plainly believes that his life-without-parole sentence is unlawful because imposed after the 1977 passage of the Determinate

////

---

² The victims all lived in the same home with petitioner. Petitioner's girlfriend also had two babies, 21-months and four months old at the time of the murders. They were unharmed.

2

Sentencing Act.[3]

### III. RESPONDENT'S ANSWER

Respondent contends that this court must dismiss the petition on grounds that (1) it fails to state a claim that is cognizable in federal habeas, and (2) it is barred by the statute of limitations. ECF No. 14 at 5, 8-11. The answer also asserts that the claims should be denied as unexhausted, id. at 5, but presents no argument on that issue.

### IV. SCOPE OF FEDERAL HABEAS

Petitioner's sole claim is not cognizable in federal habeas. Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the application of state law are not cognizable. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"). Accordingly, sentencing challenges that involve the application of state law provide no basis for federal habeas relief and cannot be entertained by a federal habeas court. See Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004); Souch v. Schaivo, 289 F.3d 616 (9th Cir. 2002); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Miller v. Vasquez, 868

---

[3] Respondent provides the following background information:

> "Before July 1, 1977, California law provided for indeterminate sentencing. Under that sentencing scheme, penal statutes specified a minimum and a maximum sentence for felonies, often ranging broadly from as little as one year in prison to imprisonment for life." People v. Felix, 22 Cal. 4th 651, 654-655 (2000). On July 1, 1977, the state legislature enacted a new law, the Determinate Sentencing Act. Id. Under the Determinate Sentencing Act, most felonies are punishable by three possible terms of imprisonment: a lower, a middle, or an upper term. Id. Other crimes remain punishable by terms of some number of years to life, or life sentences – with or without the possibility of parole. Id. "Thus, two different sentencing schemes coexist today: one determinate, the other indeterminate." Id. Indeterminate sentences, such as life without parole, were not abolished by California's 1977 creation of determinate sentencing.

ECF No. 14 at 9.

3

F.2d 1116, 1118-19 (9th Cir. 1989).

The instant petition seeks relief for an alleged misapplication of California's indeterminate and determinate sentencing regimes. Even if petitioner had invoked his federal due process rights, which he did not, the allegations of the petition would not support a viable claim. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process).[4]

To the extent petitioner's claim can be construed as a challenge to the denial of parole, this court lacks jurisdiction. See Swarthout v. Cooke, 562 U.S. 216, 221 (2011). Moreover, it is well established that an inmate has no protected liberty interest in receiving a parole release date. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Because petitioner's only claim presents no federal question, it is not cognizable and cannot be cured by amendment. Accordingly, the petition should be denied.

## V. TIMELINESS

Respondent also contends that the petition is untimely, as it was filed long after finality of petitioner's un-appealed 2001 conviction. This argument is almost certainly correct, as the applicable statute of limitations is one year, 28 U.S.C. § 2244(d)(1)(a), and petitioner filed no collateral challenge within one year of his conviction that might have tolled the limitations period pursuant to § 2254(d)(2). The traverse does not respond directly to respondent's untimeliness argument, but petitioner does assert in conclusory fashion that state remedies were not available to him. ECF No. 15 at 3-4. Because the petition states no cognizable claim, there is no need for the court to consider whether petitioner's references to the availability of state remedies, if further developed, could affect the timeliness analysis.

////

---

[4] Petitioner does argue for the first time in his traverse that his sentence violates due process. His conclusory assertions of a constitutional violation, ECF No. 15 at 4-5, fail to identify any way in which his sentence violates due process standards.

4

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED;
2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE